In the Matter of Charles D. TELLER, Individually and formerly a partner, t/a Ogontz Theatre.

No. 26100.

United States District Court
E. D. Pennsylvania.
May 24, 1960.

———◆———

Herman N. Silver, Philadelphia, Pa., for trustee.

Arthur M. Soll, Philadelphia, Pa., for bankrupt.

KRAFT, District Judge.

The bankrupt petitions this court for review of a Referee's order denying bankrupt's petition and motion for leave

7. Id. at p. 2136.

to file an amended statement of affairs and schedules.

The bankrupt's original statement of affairs gave the answer "none" in paragraphs 7 and 11. At the first hearing, trustee's counsel apprised petitioner's counsel of the former's doubt of the accuracy of those answers. At the argument before us counsel agreed that bankrupt's counsel immediately informed trustee's counsel that the answers were erroneous and, at that meeting, orally moved to amend. The Referee denied the oral motion, directing that a petition to amend be filed to afford trustee's counsel an opportunity to answer. Upon denial of the oral motion the Referee stated that a hearing would be had on the written motion to afford "everybody a chance to be heard".

A written petition and motion to amend was filed February 11, 1960, asserting that the failure to answer correctly in the original statement of affairs was "by inadvertence".

On February 24, 1960, at an adjourned first meeting of the creditors, the Referee informed bankrupt's counsel that the trustee's counsel had communicated with the Referee and advised him that trustee's counsel objected to the entry of an order or a hearing upon the written motion until he had an opportunity to answer and that the motion would be contested. The Referee then inquired of trustee's counsel whether he intended to file an answer. Trustee's counsel replied "No, we understand it now." However, the Referee indicated that he thought an answer should be filed and stated he would hold the petition under advisement until the final hearing. At that time bankrupt's counsel informed the Referee that the incorrect answers were errors of counsel.

At a later adjourned first meeting of creditors, on March 9, 1960, bankrupt's counsel pressed his pending motion to amend, which the Referee then summarily denied, without hearing, indicating bankrupt's counsel had recourse to this court. Thereafter, on March 23, 1960, the Referee filed a formal order denying bankrupt's petition.

The petitioner was entitled to a hearing to afford him the opportunity to prove the averments of his motion to amend. Though the petition asserted that the errors were inadvertent, it did not state what or whose was the inadvertence. Moreover, the statement of bankrupt's counsel to the Referee clearly indicated that the errors were counsel's, not the bankrupt's. The Referee's denial of the unopposed motion without ascertainment of the facts was arbitrary and cannot be sustained.

### Order

Now May 24th, 1960, it is ordered that the record be and is remanded to the Referee for proceedings upon the motion to amend consistent with this opinion.